```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                           Alexandria Division

RICHARD FORD, et al.,           )
                                )
     Plaintiffs,                )
                                )   Case No. 1:08cv1153 JCC/JFA
v.                              )
                                )
JERRY W. TORREZ, et al.,        )
                                )
     Defendants.                )
_____)
```

**NON-PARTY'S (MR. SCHILLER's) MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR CIVIL CONTEMPT AND MEMORANDUM IN SUPPORT OF PROTECTIVE ORDER; ALTERNATIVELY, NON-PARTY'S MEMORANDUM IN SUPPORT OF NON-PARTY'S MOTION TO QUASH SUBPOENA**

Non-party, Thomas Schiller, (hereinafter "Mr. Schiller"), by counsel, has moved pursuant to Fed. R. Civ. P. 45(b) and (C)(1) and Local Rule 45(f) for an order striking defendant's motion for civil contempt and protective order, or in the alternative, for an order quashing a subpoena served on August 5, 2009 for a deposition to be held in the offices of Greenberg Taurig on August 11, 2009 or any subsequent improperly served subpoenas. The notice and subpoena are attached to Defendant's Memorandum in Support of Protective Order as "Defendant's Exhibit 1" and "Defendant's Exhibit 2." The subpoenas were not served in conformity with the rules, which the Defendants were aware of before their civil contempt motion.

The Court should quash the subpoena because defendants failed to comply with Fed. R. Civ. P. 45(b)(1) and Local Civil Rule 45(f). Further, without regard to Fed. R. Civ. P. 45(b)(1) and Local Rule 45(f), the subpoena is overbroad and unduly burdensome pursuant to Fed. R. Civ. P. 45(c)(1). It demanded Mr. Schiller to appear without notice to a place within the United States while it was known he was out of the United States; further, the subpoena's gave him little time to make any arrangements. *See Alexander v. The Jesuits of Missouri Province*, 175 F.R.D. 556 (D. Kan. 1997).(finding multiple attempts of improper notice as unduly burdensome). Finally, under Fed. R. Civ. P. 45(c), 26(c), and 37(a), 28 U.S.C. § 1927, the Court should award sanctions against Defendant because it was on notice before issuing this motion for civil contempt that the subpoenas were unenforceable under the Federal Rules of Civil Procedure and Local Rule 45(f) for the Eastern District of Virginia.

## FACTS

On July 31, 2009 Defendants, through predecessor counsel noticed a deposition of Mr. Schiller. *See "Defendant's Memorandum in Support, page 1."* Defendants admit that their attempts to serve Mr. Schiller personally were unsuccessful because Mr. Schiller was out of the Country. *Id.* On August 5, 2009, Defendants served Ms. Peggy Maday at Ms. Maday's

residence. *Id*. at 2. Mr. Schiller appointed Ms. Maday as the attorney in fact in his power of attorney. *Id.* The subpoena commanded Mr. Schiller to appear for a deposition six (6) days later on August 11, 2009. *Id*. He was to appear at a location over 100 miles away. *Id*. Neither the Notice, Subpoena, nor Defendant's latest rounds of filings indicate that they ever tendered to Mr. Schiller fees for one day's attendance and mileage allowed by law. Defendants attempted to depose Mr. Schiller a second time by amended notice of deposition on August 19, 2009. *Id.* This amended notice stated the Deposition would be held one (1) day later from the notice on August 19, 2009. *Id*. This notice, from Defendant's lack of admission, was never even attempted to be served.

## ARGUMENT

**A. The subpoena was not served pursuant to Fed. R. Civ. P. 45(b)(1).**

Rule 45(b)(1) states "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage by law." Fed R. Civ. P. 45(b)(1); *see Alexander v. The Jesuits of Missouri Province*, 175 F.R.D. 556 (D. Kan. 1997). The failure to serve the subpoena on the witness or tender the witness fee "precludes the subpoena from being enforceable." *Alexander,* 175 F.R.D. at 560. "When, as

here, a prospective deponent is not a party to the litigation, the proper procedure for obtaining the jurisdiction to compel attendance is the issuance of a subpoena pursuant to *Federal Rule of Civil Procedure 45."Bueker v. The Atchison, Topeka and Santa Fe Ry. Co.*, 175 F.R.D. 291, 292 (N.D. ILL, 1997). Even if consent is given by a non-party to be deposed without a properly issued subpoena, the non-party is "under no legal obligation to continue with his deposition once he withdraws his consent." *Id.* at 292. Therefore, the court is without power to compel. *Id*. at 293.

In *Alexander,* the non-party deponent was not served personally or with the witness fee. *Alexander,* 175 F.R.D. at 558. However, the subpoena was left at the non-party deponent's house with her husband. *Id.* The Court felt that the subpoena was "simply unenforceable…{and} [t}he witness could have simply failed to appear." *Id*.

In the current case, Defendants served a completely different person at a completely different residence from where the non-party witness resides. *Defendant's Memorandum in Support, page 2.* If the rule as applied in *Alexander*, was applied to this fact, certainly no personal service would be found here.

Opposing counsel cites *King v. Crown Plastering Corp.*, 170 F.R.D. 355 (E.D.N.Y. 1997) as support for the contention that

rule 45 is satisfied when "service is made in a manner that reasonably insures actual receipt of the subpoena by the witness." *King*, at 356. Opposing counsel also notifies the court that a similar position was taken in *First Nationwide Bank v. Shur (In re Shur)*, 184 B.R. 640, 642 (Bankr. E.D.N.Y. 1995). Both cases originate out of the Eastern District of New York.

Although counsel cites the two previously mentioned cases, the Eastern District of New York has held the converse, which supports Mr. Schiller's position. *See Conanciut Investment Co. v. Coopers & Lybrand*, 126 F.R.D. 461, 462 (E.D.N.Y. 1989) ("Nowhere in rule 45 is the Court given discretion to permit alternate service in troublesome cases").

Even within the 2nd Circuit, there is disagreement of opposing counsel's support. *See Agran v. City of New York*, 1997 U.S. Dist. LEXIS 2577, 1997 WL 107452, at *1 (S.D.N.Y. 1997). Furthermore, outside of New York the D.C. Circuit Court of Appeals has stated, albeit in dicta, "under the Federal Rules, compulsory process may be served upon an unwilling witness only in person." *FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson*, 205 U.S. App. D.C. 172, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980).

**B.  Even if the Subpoena was properly served the subpoena failed to conform with Local Rule 45(f).**

Local Rule 45(F) of the Eastern District of Virginia states "subpoenas compelling attendance at a deposition shall be served

not later than eleven (11) days before the date of deposition." Local Civil Rule 45(F).

In the case at bar, Defendants served Ms. Peggy Maday on August 5, 2009. *Defendant's Memorandum in Support, page 2.* If Defendant's followed the Local Rule eleven days from August 5, 2009 would be August 16, 2009. Defendant's subpoena demanded the appearance of Mr. Schiller on August 11, 2009, which is clearly outside the eleven (11) day period imposed by Local Rule 45(f).

**C. Defendant's by issuing subpoena under such short time and filing a motion to compel when aware of the improper services has imposed an undue burden pursuant to Rule 45(c)(1).**

Federal Rule 45(c)(1) states "a party or an attorney responsible for the issuance and service of a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The issuing court must enforce this duty and impose an appropriate sanction - which may include lost earnings and a reasonable attorney's fee." Fed. R. Civ. P. 45(c)(1).

In Alexander, the court found the "time provided for compliance with the subpoena was inadequate." *Alexander,* 175 F.R.D. at 559. The court opined that such notice (5 days) is not only inadequate for the witness, but for the employer." *Id.*

The court suspected Plaintiff's counsel gave such short notice because Plaintiff's counsel had delayed conducting discovery until the deadline for its completion was at hand. *Id*. Plaintiff's counsel "own urgency was imposed on the witness." *Id*. The court found that a second subpoena issued was in violation of Rule 45 because the second subpoena allowed only three days notice. *Id*. The court then found the plaintiff's counsel's conduct in scheduling the deposition was in violation of Model Rules of Professional Conduct Rule 4.4 which provides " In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights such a person." *Id*. The court concluded that "under the circumstances of this case, the court finds that plaintiff's counsel failed to provide a reasonable time for compliance with the subpoena and subjected the witness to an undue burden…." *Id*. at 560.

As in *Alexander*, Mr. Schiller was given an improperly served subpoena followed by an un-served subpoena requiring his presence within a shorter period of time.  Mr. Schiller had one day as opposed to the 3 days of notice in *Alexander*.

**D.   There is no civil contempt under Federal Rule of Civil Procedure 45(e).**

Rule 45(E) states, "[a] nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)." Rule 45(c)(3)(A)(ii) states, "On timely motion, the issuing court must quash or modify a subpoena that: (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held."

Mr. Schiller is neither a party nor a party's officer. Furthermore, the original subpoena required my client traveling more than 100 miles from where he resides, is employed, or regularly transacts business in person.

**E.   Mr. Schiller is not relevant to the scope of discovery in the underlying case pursuant to Federal Rule Civil Procedure 26(b) and the subpoena has been issued for unacceptable purposes.**

Fed. R. Civ. P. 26(b)(1) defines the scope of discovery to any non-privileged matter that is relevant to any party's claim or defense.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(i-iii). *See* Fed.R.Civ.P. 26(b)(1). Furthermore, discovery of matters not "reasonably calculated to

lead to the discovery of admissible evidence" are not within the scope of discovery. *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 98 S.Ct. 2380.* While the rules of discovery are liberal, discovery does have bounds at the trial level. *Id.* at 351 (citation omitted). A court is not required to blind itself to the purpose for which a party seeks information. *Id*. at 352, n.17. When the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied. *Id.* at 353, n.18.

Neither the complaint nor the answer mentioned Mr. Schiller. Mr. Schiller has not be identified in Rule 26(a)(3)disclosures. Thus, any information obtained through a deposition would not be relevant to proving any individual fact in the complaint or to any defense relied upon in the answer. Thus, it is apparent there must be another reason for the deposition.

Furthermore, on August 31, 2009, the first business day after the filing of Defendants' motion for civil contempt, Defendants have filed a three count complaint and issued a notice of deposition for September 10, 2009. The case number is 09cv03434 and case code 30301, which was filed in Waukesha County, Wisconsin.

Either, one of two things has occurred. The defendants filed the deposition request before this court to bolster an

unrelated individual suit against Mr. Schiller, which is clearly unacceptable under *Oppenheimer*. On the other hand, Defendant's have filed a three count lawsuit in Waukesha County, Wisconsin, for no substantial purpose other than to "embarrass, delay, or burden a third person." *Alexander*, 175 F.R.D. at 559.

## CONCLUSION

For the foregoing reasons my client respectfully requests the court strike the motion for civil contempt, protective order, or in the alternative to quash the improperly served subpoenas issued by the Defendants.

Respectfully Submitted,

/s/ Joshua E. Bushman
_____
Joshua E. Bushman
VSB Number: 74729
Attorney for Thomas Schiller
Joshua E. Bushman, Esquire, PLLC
2800 Shirlington Road, Suite 503
Arlington, Virginia 22206
Tel: 703-524-0700
Fax: 703-845-9720
Josh.bushman@bushmanlawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the attached documents on the following party on this date, the 4 of September, 2009, via electronic filing on ECF, electronic mail, and first-class mail postage pre-paid.

Christine S. Ramapuram, Esq.
Counsel for Defendants Jerry W. Torrez and Torres Advanced Enterprise Solutions, LLC
1233 20th Street, N.W., 8th floor
Washington, D.C.  20036

James K. Lay, Esq.
Attorney for Rick Ford and Fedsys, Inc.
Lay Moore & Poretz, PLLC
303 N. Washington Street
Alexandria, Virginia  22314

/s/  Joshua E. Bushman
_____

Joshua E. Bushman
VSB Number: 74729
Attorney for Thomas Schiller
Joshua E. Bushman, Esquire, PLLC
2800 Shirlington Road, Suite 503
Arlington, Virginia 22206
Tel: 703-524-0700
Fax: 703-845-9720
Josh.bushman@bushmanlawgroup.com