IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Richard J. Ford, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:08cv1153(JCC) |
| | ) | |
| Jerry W. Torres, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Jerry Torres and Torres Advanced Enterprise Solutions, LLC's Objections to Magistrate Judge Anderson's Report and Recommendations relating to Defendants' Motion for Leave to File Amended Answers. For the following reasons, the Court will deny Defendants' objections and deny Defendants' Motion to Reject or Set Aside Magistrate's Order denying Defendants' Motion for Leave to File Amended Answers.

### **I. Background**

Plaintiffs Richard J. Ford ("Ford") and FedSys, Inc. ("FedSys") (collectively, "Plaintiffs") brought this action against Defendants Jerry W. Torres ("Torres") and Torres Advanced Enterprise Solutions, LLC ("TAES") (collectively, "Defendants") after their business relationship with Defendants failed.  Torres is the CEO, President, and owner of TAES, and Ford is a part-

1

owner of FedSys.  Plaintiffs filed their federal court complaint (the "Complaint") on November 4, 2008.[1]  Plaintiffs brought the following claims in their Complaint: (Counts I-II) breach of contract against TAES – one Count for each Agreement; (Count III) *quantum meruit*, against TAES; (Count IV) tortious interference with business expectancy, against Defendants; (Count V) violation of the Virginia Computer Crimes Act, against Defendants; (Count VI) violation of the federal Computer Fraud and Abuse Act, against Defendants; (Count VII) violation of the Virginia Uniform Trade Secrets Act, against Defendants; (Count VIII) defamation, against Defendants.  On March 3, 2009, upon Defendants' Motion to Dismiss the Complaint, the Court dismissed Count VIII as to TAES without prejudice.  (Dkts. 12, 13.)  On March 17, 2009, Defendants filed an Answer and Grounds of Defense.  (Dkts. 14, 15.)  The parties then engaged in discovery and noticed depositions.

On April 1, 2009, the Court entered an order setting (1) an initial pre-trial conference before Magistrate Judge John Anderson ("Magistrate Judge Anderson") for May 6, 2009, (2) the completion of all discovery by August 14, 2009, and (3) a final pre-trial conference for August 20, 2009.  (Dkt. 16.)  On May 6,

---

[1] In April 2007, Plaintiffs sued Defendants in the Circuit Court of Arlington County, Virginia, alleging claims arising out of the same facts and circumstances giving rise to this case.  Plaintiffs took a non-suit in the state action.  (September 18, 2009 Proposed Findings of Fact and Recommendations ("R&R") 1.)

2009, following the initial pre-trial conference with the parties, Magistrate Judge Anderson entered a Rule 16(b) Scheduling Order ("Scheduling Order").  (Dkt. 19.)  The Scheduling Order required that "[a]ny motion to amend the pleadings . . . shall be made as soon as possible as counsel or the party becomes aware of the grounds for the motion."  (Dkt. 19 ¶ 4.)  On August 6, 2009, Defendants' new counsel made an appearance on behalf of Defendants.  (Dkt. 23.)  Shortly thereafter, Defendants' new counsel started to file a plethora of motions.  On August 6, 2009, Defendants filed a motion to extend the discovery deadline (Dkt. 24.)  On August 7, 2009, Magistrate Judge Anderson granted this motion, extending the deadline by one week.  (Dkt. 29.)  On August 14, 2009, Defendants filed a Motion for Leave to File Amended Answers to add two counterclaims totaling 13 counts.  (Dkt. 38.)  On August 19, 2009, Plaintiffs opposed the motion claiming undue delay, substantial prejudice and a violation of the May 6, 2009 Scheduling Order.  (Dkt. 48.) On August 20, 2009, the final pre-trial conference was held before the Court setting the trial in the matter to begin on October 26, 2009.

On August 21, 2009, Magistrate Judge Anderson held a hearing on three motions in this case including the Motion for Leave to File Amended Answers filed by Defendants.  In an oral ruling from the bench, the Magistrate denied Defendants' Motion

3

for Leave to File Amended Answers. (Dkt. 51.) This oral ruling was memorialized by a written Order (the "Magistrate Order") on the same day which stated that "for the reasons stated from the bench, it is . . . ordered that the motion [for leave to file amended answers] is denied." (Dkt. 52.)

On September 4, 2009, Defendants filed their Motion to Reject or Set Aside Magistrate's August 21, 2009 Order. (Dkt. 66.) Plaintiff opposed this motion on September 9, 2009. (Dkt. 74.) On September 11, 2009, having found the Magistrate's August 21, 2009 order to be dispositive, the Court found it appropriate to return this matter to Magistrate Judge Anderson for a report and recommendation on the motion at issue here. (Dkt. 79.) Magistrate Judge Anderson submitted the Report and Recommendations regarding Defendants' Motion for Leave to File Amended Answers ("R&R") on September 18, 2009 (Dkt. 82.) Defendants filed their objections to the R&R on October 2, 2009. Defendants' objections to the R&R are before the Court.

## II.  Standard of Review

### A.  Objections to the Magistrate's Report and Recommendations

Pursuant to the Federal Magistrate's Act, the parties may serve and file written objections to the magistrate judge's proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommended

4

disposition.[2]  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  A district judge is required to make a *de novo* determination only of those specific portions of a report and recommendation to which objection is made.  28 U.S.C. § 636(b)(1)(C).  A district judge also "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," *id.*; *see also Beck v. Angelone*, 113 F. Supp. 2d 941, 947 (E.D. Va. 2000), appeal dismissed by 261 F.3d 377 (4th Cir.), cert. denied, 534 U.S. 987 (2001), and may receive further evidence or recommit the matter to the magistrate with instructions.  28 U.S.C. § 636(b)(1)(C).

### B.  Motion for Leave to Amend

Under Federal Rule of Civil Procedure 15(a), a motion for leave to amend answers shall be freely given "when justice so requires."  Fed. R. Civ. P. 15(a).  In fact, such leave "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (internal quotation and citation omitted).

### III. Analysis

Defendants argue that Magistrate Judge Anderson's R&R

---

[2] As a preliminary matter, the Court finds that Defendants timely noted their objection to the R&R as ordered by this Court on September 11, 2009.

regarding Defendants' Motion for Leave to File Amended Answers is "unsubstantiated by the facts and pleadings in [the] case and is incorrect as a matter of law." (Mem. in Supp. of Defs.' Obj. ("Defs.' Obj") 1.) Defendants contend that Magistrate Judge Anderson erred by finding that: (1) a review of the allegations in the proposed counterclaims reveals that they are based on facts clearly known to the Defendants during 2006 and 2007; (2) Defendants unduly delayed in filing the Motion for Leave; (3) Defendants disregarded a term of the scheduling order that required the parties to amend the pleadings as soon as possible after counsel becomes aware of the grounds for the Motion for Leave; and (4) Defendants made no effort to explain the delay in asserting these counterclaims other than the statement that new counsel has come into the case. (Defs.' Obj. 1.) The Court will address these alleged errors in turn.

### A. Facts known to Defendants During 2006 and 2007

Defendants argue that Magistrate Judge Anderson erred by findings that the proposed counterclaims are based on the facts clearly known to Defendants during 2006 and 2007. (Defs.' Obj. 5.) In their objections, Defendants point to only two instances - receiving internal FedSys email correspondence from Oracle in July 2009 and learning about the contact between FedSys and TAES on August 7, 2009 - in which they claim to have received new information which formed the basis for one of the proposed

counterclaims.  (Defs.' Obj. 5.)  What Defendants fail to do, however, is to enlighten the Court when they first became aware of the information that formed the basis for the rest of the proposed amendments which consist of over 100 paragraphs of allegations in support of thirteen counterclaims against Plaintiffs.  The review of the allegations in support of the proposed counterclaims shows that the claims, in fact, are based on the facts that were known to the Defendants during 2006 and 2007 as well as the facts that may have become known to Defendants later in time.  Thus, the Court finds that Magistrate Judge Anderson's finding that Defendants were aware of the facts that form the basis for the allegations in the proposed counterclaims during 2006 and 2007 was not erroneous.

### B. Undue Delay in Filing the Motion for Leave

Here, Defendants argue that Magistrate Judge Anderson erred in deciding that Defendants unduly delayed in filing the Motion for Leave.  (Defs.' Obj. 6.)  They argue that their timing for the Motion for Leave to Amend Answers was reasonable because it was filed days, not years, after receiving new information and the document production continued throughout the summer of 2009.  (Defs.' Obj. 6.)  The Court is not convinced by this argument for the reasons it articulated above.  It is clear, based on the review of the proposed counterclaims and the allegations in support thereof, that Defendants' duty was to file the proposed

7

counterclaims *as soon as* they became aware of the need to do so. That did not happen in this case.  The review of the Amended Answers suggest that Defendants must have known some of the facts that underlie their proposed counterclaims long before August 14, 2009, the day all discovery was to be finished with the exception of depositions noticed prior to that date.  Thus, the Court finds that Magistrate Judge Anderson properly found undue delay in Defendant's filling of the Motion for Leave.

### C.  Violation of Scheduling Order

Defendants further argue that Magistrate Judge Anderson erred by finding that Defendants violated the term of the Scheduling Order which required the parties to amend the pleadings as soon as possible after counsel becomes aware of the grounds for a Motion for Leave. (Defs.' Obj. 6.)  As discussed above, the Court finds that counsel or Defendants must have become aware of the grounds for the motion much earlier than August 14, 2009.  Thus, the Court agrees with Magistrate Judge Anderson's finding that Defendants failed to show good cause as to why this Court should ignore the obligation imposed upon Defendants by the Scheduling Order entered in the case.

### D.  Defendants' Effort to Advise the Magistrate

Defendants attack Magistrate Judge Anderson's finding that "at no point before the undersigned have the defendants made any effort to explain the delay in asserting these counterclaims

other than the statement that new counsel has come into the case." (R&R 7.) The Court agrees with Defendants that the record reflects Magistrate Judge Anderson was informed by new counsel for Defendants that the recently discovered evidence formed the basis of Defendants' proposed counterclaims. (Defs.' Obj. Ex. D at 22-25.) However, this factor does not change the outcome of the Court's analysis in light of the circumstances surrounding this specific case.

Having made a *de novo* determination of the specific portions of a report and recommendation that have been objected to by Defendants pursuant to 28 U.S.C. § 636(b)(1)(C), this Court accepts all findings and recommendations made by Magistrate Judge Anderson with the exception of the finding that Defendants failed to inform Magistrate Judge Anderson regarding the recently discovered evidence. Thus, the Court finds that the Magistrate Judge Anderson properly denied Defendants' Motion for Leave to Amend Answers because the filing of the Amended Answers at this juncture would surely prejudice Plaintiffs in light of the significant delay in Defendants' effort to amend their answers.

### IV. Conclusion

For the reasons stated above, the Court will deny Defendants' Objection to Magistrate Judge Anderson's R&R regarding Defendants' Motion for Leave to File Amended Answers and will deny Defendants' Motion to Reject or Set Aside

Magistrate's Order denying Defendants' Motion for Leave to File Amended Answers.

An appropriate Order will issue.

October 14, 2009  /s/
Alexandria, Virginia  James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE